**Mario GALLO, Appellant,**

v.

**Ronald R. HOLT, Warden of FCI Schuylkill.**

**No. 05–1386.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 March 31, 2005.

Decided April 22, 2005.

Mario Gallo, #45845–053, Minersville, PA, pro se.

Kate L. Mershimer, Office of United States Attorney, Harrisburg, PA, for Ronald R. Holt.

Before SLOVITER, NYGAARD and FUENTES, Circuit Judges.

OPINION

PER CURIAM.

Mario Gallo appeals from the District Court's order denying his habeas corpus

review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. *See Ruggiano v. Reish,* 307 F.3d 121, 126 (3d Cir.2002).

petition filed pursuant to 28 U.S.C. § 2241. In his habeas petition, Gallo challenges the calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP"). Because we conclude that the District Court's decision is correct in light of our recent opinion in *O'Donald v. Johns*, 402 F.3d 172 (3d Cir.2005), we will summarily affirm.

Gallo is currently incarcerated at the Federal Correctional Institution–Schuylkill in Minersville, Pennsylvania, serving a federal sentence of 180 months imposed in 1997. According to the BOP, Gallo is eligible under the applicable statute, 18 U.S.C. § 3624(b), to earn up to 683 days of GCT. The BOP's calculation of GCT is based on the time Gallo will actually serve in prison, not on the entire 180–month sentence imposed. The BOP projects Gallo's release date as October 16, 2009.

After administratively challenging the BOP's calculation of his GCT, Gallo filed a § 2241 habeas corpus petition in the District Court. In his habeas petition, Gallo argues that the BOP's calculation of his GCT deprives him of the amount to which he is entitled by statute. Gallo asserts that § 3624(b) allows him to earn up to 54 days per year based on the term of sentence imposed, not 54 days per year based on time actually served as the BOP's calculation provides. Relying on the opinions of several other courts, the District Court rejected Gallo's position and denied his habeas petition. Gallo appeals.[1]

We will affirm the District Court's order. Since Gallo filed his notice of appeal, we resolved the issue in *O'Donald v. Johns*, 402 F.3d 172 (3d Cir.2005). In *O'Donald*, we held that the meaning of § 3624(b) is ambiguous and thus deferred to the BOP's reasonable interpretation of

the statute. *See O'Donald*, 402 F.3d at 174. Gallo's challenge, identical to the one raised and rejected in *O'Donald*, is unavailing.

In short, we conclude that Gallo's appeal is controlled by *O'Donald*, which constitutes subsequent precedent warranting summary action. *See* Third Circuit L.A.R. 27.4, I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's order denying Gallo's § 2241 petition.

---

1. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclu-

sions and apply a clearly erroneous standard to its findings of fact. *See Ruggiano v. Reish,* 307 F.3d 121, 126 (3d Cir.2002).